UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| MONIQUE L. BEANE, | * | CIVIL ACTION NO. 2:10-CV-781 |
| INDIVIDUALLY AND AS | * | |
| NATURAL TUTRIX OF THE | * | JUDGE MINALDI |
| MINOR CHILD, J.E.B. | * | |
| | * | MAGISTRATE JUDGE KAY |
| VS. | * | |
| | * | |
| UTILITY TRAILER | * | |
| MANUFACTURING CO. & | * | |
| TRUCK TRAILER | * | |
| MANUFACTURERS | * | |
| ASSOCIATION INC. | * | |

**MEMORANDUM ORDER**

Before the court is a Motion to Strike/Quash on behalf of the Plaintiff, Monique Beane. Doc. 204. The motion requests the court to strike or quash the (1) 7th Request for Production and (2) Notice of Records Deposition for Production and Subpoena to Testify at Deposition in Civil Action, both served by the defendant, United Trailer Manufacturing ("UTM").

The source of the present disagreement is the supplemental report filed on behalf of plaintiff's expert Perry Ponder. The undersigned previously denied a motion by UTM to strike Mr. Ponder as an expert on the grounds that his expert report failed to comport with the requirements of the Federal Rules of Civil Procedure. *See* Docs. 126, 137. Rather, the undersigned afforded the plaintiff an opportunity to have Mr. Ponder supplement his report.

Upon receiving Mr. Ponder's supplemental report, UTM issued a Request for Production on the plaintiff asking for certain documents referenced by Mr. Ponder in his supplemental report. Moreover, UTM served a Notice of Records Deposition on Mr. Ponder directly. The documents requested by the notice apparently mirrored the previous request for production.

The plaintiff has sought to strike and/or quash the requests and the notice. Her arguments in support of the motion fall into two broad categories—(1) plaintiff says she has already disclosed responsive documents, and (2) the requests and notice are overly burdensome. Doc. 1, pp. 2-5.

The undersigned has made it overwhelmingly clear on numerous occasions that, to the extent that the plaintiff believes that responsive documents have already been produced, then the Bates numbers of those documents must be communicated to the defendant.

With respect to the plaintiff's argument that the requests and notice are unduly burdensome, the undersigned notes that UTM's requests are undoubtedly quite voluminous but also recognizes that they do pertain to assertions Mr. Ponder makes in his supplemental report. The requests for production appear appropriately tailored to the documents Mr. Ponder references, the assertions he makes, and the conclusions he draws. To the extent that the plaintiff wishes to utilize Mr. Ponder's testimony at trial, then it is appropriate that the bases for that testimony are made available to UTM. *See* Fed. R. Civ. Proc. 26(b).

The undersigned is unable and unwilling to conclude that defendant's request or notice is out of bounds. The plaintiff fails to isolate any particular request as problematic. While the court is "mindful of the limitations placed on the frequency and extent of discovery," the plaintiff has failed to carry her burden of proving that "the burden or expense . . . outweighs its likely benefit" to UTM. *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011).

For the reasons discussed herein, plaintiff's motion is DENIED.

THUS DONE this 12th day of November, 2012.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE