UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **MONIQUE L. BEANE,** | * | **CIVIL ACTION NO. 2:10-CV-781** |
| **INDIVIDUALLY AND AS NATURAL** | * | |
| **TUTRIX OF THE MINOR CHILD,** | * | **JUDGE MINALDI** |
| **J. E. B.** | * | |
| | * | **MAGISTRATE JUDGE KAY** |
| **VS.** | * | |
| | * | |
| **UTILITY TRAILER** | * | |
| **MANUFACTURING COMPANY,** | * | |
| **ET AL** | * | |

### MEMORANDUM ORDER

Before the court is a Motion for Protective Order and Motion to Quash Notice/Subpoena by Plaintiff, Monique L. Beane. For the reasons discussed herein, the motion is DENIED.

Defendant, United Trailer Manufacturing Company ("UTM"), acting pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, served a Notice of Taking Video Deposition Upon Oral Examination with Subpoena Duces Tecum upon McKenzie Tank Lines, Inc., a non-party to this litigation. Doc. 277, Att. 1.

Plaintiff objects to the scheduled deposition and subpoena duces tecum on a number of grounds, including (1) she was served without warning or advanced notice, (2) the deposition is unlikely to yield any relevant evidence, (3) McKenzie has not ever been listed as a potential witness in the matter, and (4) there are less burdensome ways that UTM could get the information they want. Doc. 277, Att. 3.

Plaintiff lacks standing to raise these objections. The general rule is that a party lacks standing to quash a subpoena served on a third party. *Windsor v. Martindale*, 175 F.R.D. 665, 668 (D. Colo. 1997); *Oliver B. Cannon & Son, Inc. v. Fid. & Cas. Co. of N.Y.*, 519 F. Supp. 668,

680 (D. Del. 1981).  The Fifth Circuit recognizes two narrow exceptions when the objecting party is in "possession of the materials subpoenaed" or "allege[s] any personal right or privilege with respect to the materials subpoenaed."  *Brown v. Braddick*, 595 F.2d 961 (5th Cir. 961).  Plaintiff has failed to demonstrate either exception applies in this instance.

      Therefore, plaintiff's motion is DENIED.

      THUS DONE AND SIGNED in Chambers this 1st day of February, 2013.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE