RECEIVED
IN LAKE CHARLES, L

MAR  6 2013

TONY R. MOORE, CLERK
BY_____
                    DEPUTY

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAKE CHARLES DIVISION

| | | |
|---|---|---|
| MONIQUE BEANE, INDIVIDUALLY AND AS NATURAL TUTOR OF THE MINOR CHILD, J.E.B. | : | DOCKET NO. 2:10 CV 0781 |
| VS. | : | JUDGE MINALDI |
| UTLITY TRAILER MANUFACTURING COMPANY AND TRUCK TRAILER MANUFACTURERS ASSOCIATION | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM ORDER

Before the court is a Motion in Limine to Exclude the Testimony of John Tomassoni [Doc. 320], filed by the defendant, Utility Trailer Manufacturing Company ("UTM"). The plaintiff, Monique Beane, timely filed a response [Doc. 354], and UTM filed a reply [Doc. 371]. For the foregoing reasons, UTM's motion is GRANTED.

## BACKGROUND

In this lawsuit, the plaintiff, Monique Beane, claims damages as a result of a May 5, 2009 tractor-trailer accident in which her husband, Robert Beane, was killed when his Suburban collided at a ninety degree angle with a UTM trailer on U.S. Highway 1 in Caddo Parish. The petition alleges that Beane's Suburban struck the side of the UTM trailer, causing his Suburban to travel beneath (a collision the plaintiff describes as a "side underride") the trailer.[1] The crux of the plaintiff's claim is that, because the UTM trailer did not have side underride protection (namely, a side underride guard or "SURG"), it was defective and unreasonably dangerous under

---

[1] Pl.'s Compl., [Doc. 1-3], at ¶ 3.

the Louisiana Products Liability Act, La. Rev. Stat. § 9.2800.54, *et seq.*[2]  UTM now moves to

have several categories of evidence excluded from trial.

## LAW & ANALYSIS

Second, UTM moves to exclude the testimony (to be given posthumously) of John

Tomassoni,[3] an expert who testified in two Texas state court cases addressing side underride

issues with different plaintiffs and different defendants from those in this action. On February 15,

2013, Beane submitted a Notice of Offer of Testimony from John Tomassoni,[4] announcing that

she intended to offer various excerpts from his testimony "given under oath on October 27, 28

and 30, 2009 in Cause No. 2004-320, Baker, et al vs. Lufkin Industries, Inc. – In the County

Court of Law for Panola County, Texas."  Beane also asserted that she "reserve[d] the right to

offer additional portions of Mr. Tomassoni's testimony depending on (a) portions that may be

counter offered by Defendant, (b) other evidence offered by Defendant or (c) based upon court

rulings[, including] Tomassoni's testimony given on October 30, 2009 as well as testimony

given by him in other proceedings or at other times."

UTM argues that this evidence should be excluded because Tomassoni's testimony does

not meet the "declarant unavailable as a witness" hearsay exception under Federal Rule of

---

[2] On February 2, 2011, this court granted UTM's 12(b)(6) motion and dismissed plaintiff's claims for (1) negligence, (2) punitive damages, and (3) wrongful death damages for plaintiff's personal pain and physical suffering. [Doc. 71].  Accordingly, plaintiff's exclusive theory of liability arises out of the Louisiana Products Liability Act ("LPLA").

[3] In plaintiff's Seventh Supplement to Disclosure & Designation of Experts, Beane describes Tomassoni as follows: Mr. Tomassoni is a former engineer who led the NHTSA underride docket during his tenure at NHTSA. Mr. Tomassoni passed away on November 18, 2011; however, Plaintiffs intend to present his testimony through use of his prior testimony given in other matters including Maravilla v. Lufkin (Webb County, Texas) and Baker v. Lufkin (Panola County, Teas). To the extent that Plaintiffs have such testimony currently in their possession, it is available for inspection and copying upon reasonable notice and request at the offices of Plaintiffs' counsel. Pl.'s Seventh Supp. to Disclosure & Desgination of Experts, [Doc. 320-7], at pg. 2.

[4] [Doc. 314].

Evidence 804(b),[5] since UTM was not a "predecessor in interest" to the defendant in the *Baker*

and *Maravilla* cases (instead, the cases involved the defendant Lufkin Trailers), and because

Beane has not provided appropriate disclosures on Tomassoni's expert testimony under Fed. R.

Civ. P. 26(a)(2)(B) or for "hybrid" disclosures under Fed. R. Civ. P. 26(a)(2)(C).  UTM alleges

that Tomassoni's 1,200-page testimony from the two cases references evidence that has never

been produced in this case and addresses issues that are wholly irrelevant to the accident which

occurred in this case.  It also argues that the cases Tomassoni testified in addressed different

accidents with different size vehicles, angles of impact, and impact speeds, and that in the earlier

of the two cases, Tomassoni did not even address the Enz Generation II Side Underride Guard

because it had not been invented yet.  UTM also notes that Tomassoni's testimony also should

not come in under the "residual exception" to hearsay, under Fed. R. Evid. 807. [6]

---

[5] Rule 807(b) provides:

> (1) *Former Testimony*. Testimony that:
>     (A) was given as a witness at a trial, hearing, or lawful deposition, whether given during the current proceeding or a different one; and
>     (B) is now offered against a party who had — or, in a civil case, whose predecessor in interest had — an opportunity and similar motive to develop it by direct, cross-, or redirect examination.

[6] Rule 807 provides:

(a) In General. Under the following circumstances, a hearsay statement is not excluded by the rule against hearsay even if the statement is not specifically covered by a hearsay exception in Rule 803 or 804:
    (1) the statement has equivalent circumstantial guarantees of trustworthiness;
    (2) it is offered as evidence of a material fact;
    (3) it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts; and
    (4) admitting it will best serve the purposes of these rules and the interests of justice.
(b) Notice. The statement is admissible only if, before the trial or hearing, the proponent gives an adverse party reasonable notice of the intent to offer the statement and its particulars, including the declarant's name and address, so that the party has a fair opportunity to meet it.

Beane counters by noting that during Tomasoni's lifetime, he was "the single most knowledgeable individual in this country on the issue of underride," had published several articles on side underride, and even invented "a side underride guard that has been identified in this case as an alternative design." She notes that in the *Baker v. Lufkin* case, in which Tomassoni testified, Tomassoni was deposed by one of the attorneys that now represents UTM in this case. She runs through the details of the *Baker* case as compared to the details of this case, noting that because the cases are so similar "nearly all of Mr. Tomassoni's testimony from Baker is common to, and directly transferable to, Beane." Addressing Fed. R. Evid. 804(b)(1)(B), Beane argues that Tomassoni's testimony clearly falls under the "declarant unavailable" hearsay exception, because it is "former testimony given [by Tomassoni] at trial that is being offered against a party whose predecessor in interest had an opportunity and similar motive to develop that testimony by cross examination." She next argues that even if Rule 804(b)(1)(B) does not apply, the "residual exception" in Rule 807 (formerly Rule 804(b)(5)) can be used to admit this testimony.[7]

UTM replies by noting that while Beane relies on certain hearsay exceptions to bring in Tomassoni's testimony, Beane "has pointed to nothing in Rule 804 or Rule 807 – and she has cited no case law– that allows the use of expert testimony from an unavailable witness when the expert disclosure requirements of Fed. R. Civ. P. 26(a)(2)(B) have not been met. Evidence Rules 804 and 807 do not negate the provisions of Rule 26." Continuing, UTM argues that

---

[7] Beane cites to the case *Dartez v. Fireboard Corp.*, 765 F.2d 456 (5th Cir. 1985) in support of this argument. In *Dartez*, an asbestos products liability action, the defendants moved to exclude from evidence the testimony of Dr. Smith (who was deceased at the time of the *Dartez* lawsuit), a physician who worked for an asbestos company not party to the *Dartez* case (Johns Manville), and who had offered testimony in a similar asbestos case involving Johns Manville (but not the *Dartez* defendants) 1976. *Id.* at 460 – 61. The *Dartez* defendants moved to exclude his testimony, alleging it was irrelevant, prejudicial, and hearsay. *Id.* at 461. The *Dartez* court noted that it would pass on the inquiry of whether Dr. Smith's testimony passed the "declarant unavailable" hearsay exception and whether Johns Manville was a predecessor in interest, because Mr. Smith's testimony instead fell under the "residual exception" of Rule 804(b)(5) (now Rule 807).

"[Tomassoni's u]navailability is not *carte blanche* for the unrestricted, unexamined, unchallenged thrust upon a jury of an expert's theories, opinions, beliefs and claims as to material and critical facts in issue." It notes that just because Tomassoni passed whatever evidentiary requirements state Texas judges imposed on him in the *Baker* and *Maravilla* cases, that does not mean that the court here should "rubber stamp" Tomassoni's testimony and bypass evidentiary inquiries on whether his testimony passes muster under *Daubert* and Fed. R. Evid. 702, 703, and 705. Further, UTM argues again that, at the very least, Beane failed to meet the disclosure requirements of either Fed. R. Civ. P 26(a)(2)(B)[8] or 26(a)(2)(C).[9]

While the parties expend a considerable amount of briefing whether certain hearsay exceptions (under Rule 804 or 807) apply to Tomassoni's testimony in this case, Fed. R. Evid. 403 provides the guidepost for inclusion of this testimony. Under Rule 403, "the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . wasting time, or needlessly presenting cumulative evidence." The undersigned is uncertain how Tomassoni's testimony would not be more or less *entirely duplicative* of testimony that will be offered by her retained experts on design and engineering on side underride guards, Perry Ponder and Bruce Enz. Perhaps Tomassoni, as the preeminent expert on side underride, would have been the ideal expert to opine on side underride issues in this case. But, reviewing Enz and Ponder's submitted expert reports, between the two of them, they will describe the history of side

---

[8] Under Rule 26(a)(2)(B), which governs disclosures for experts with reports, a party must disclose: (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them;(iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case.

[9] Under Rule 26(a)(2)(C), a party must disclose: (i) the subject matter on which the witness is expected to present evidence underFederal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify.

underride, certain proposed designs, and testing of side underride guards.  Tomassoni would essentially only come in as a "fortifier" of Ponder and Enz's testimony, needlessly producing duplicative and cumulative testimony.  Additionally, problems with confusing the jury would abound: Tomassoni testified in two entirely different side underride cases, involving different vehicles, angles of impact, and impact speeds.  Obviously, these facts would be determinative of some of the conclusions that he made in the *Maravilla* case and the *Baker* case.

Further, based on the sheer mass of Tomassoni's testimony that Beane may offer at trial, Beane's disclosures on Tomassoni's testimony are woefully inadequate.  Nowhere does she provide a succinct summary of all of the facts and opinions from Tomassoni's testimony that she will present at trial, as per the requirements of Rules 26(a)(2)(B) or even the less comprehensive requirements of (a)(2)(C).  Instead, she submits entire trial transcripts, and, while pointing to certain parts of the *Baker* transcript she may introduce at trial, she still reserves the right to disclose *additional unspecified portions* of Tomassoni's testimony depending on evidence that UTM may present and rulings from this court.  Under Fed. R. Civ. P. 37(c), "if a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  The undersigned finds that it would certainly not be harmless to UTM to allow 1,200 pages of trial transcripts, without a summary of all of Tomassoni's specific opinions to be offered at trial, and with the plaintiff's added disclaimer that the plaintiff may present certain *undisclosed portions* of the transcript at trial.  Because Tomassoni's testimony would be cumulative and because Beane has failed to provide proper disclosures for Tomassoni's testimony, this motion is GRANTED.

Lake Charles, Louisiana, this ___6___ day of ___March___ 2013.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE