RECEIVED
IN LAKE CHARLES, LA.

MAR -6 2013

TONY R. MOORE, CLERK
BY_____
        DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| MONIQUE BEANE, INDIVIDUALLY AND AS NATURAL TUTOR OF THE MINOR CHILD, J.E.B. | : | DOCKET NO. 2:10 CV 0781 |
| VS. | : | JUDGE MINALDI |
| UTLITY TRAILER MANUFACTURING COMPANY AND TRUCK TRAILER MANUFACTURERS ASSOCIATION | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM ORDER

Before the court is a Motion in Limine to Exclude the Testimony of Lance Grant and Brian Leedom Regarding the Speed of Robert Beane's Vehicle [Doc. 327], filed by the defendant, Utility Trailer Manufacturing Company ("UTM"). The plaintiff, Monique Beane, timely filed a response [Doc. 350], and UTM filed a reply [Doc. 369]. For the foregoing reasons, UTM's motion is DENIED.

## BACKGROUND

In this lawsuit, the plaintiff, Monique Beane, claims damages as a result of a May 5, 2009 tractor-trailer accident in which her husband, Robert Beane, was killed when his Suburban collided at a ninety degree angle with a UTM trailer on U.S. Highway 1 in Caddo Parish. The petition alleges that Beane's Suburban struck the side of the UTM trailer, causing his Suburban to travel beneath (a collision the plaintiff describes as a "side underride") the trailer.[1] The crux of the plaintiff's claim is that, because the UTM trailer did not have side underride protection (namely, a side underride guard or "SURG"), it was defective and unreasonably dangerous under

---

[1] Pl.'s Compl., [Doc. 1-3], at ¶ 3.

the Louisiana Products Liability Act ("LPLA"), La. Rev. Stat. § 9.2800.54, *et seq.*[2] UTM now moves to have several categories of evidence excluded from trial.

## LAW & ANALYSIS

UTM moves to exclude the testimony of Lance Grant and Brian Leedom, Robert Beane's co-passengers in the backseat of his Suburban during his fatal accident. It argues that Beane will most likely call Grant and Leedom to testify at trial that Beane was driving at or below the speed limit prior to his accident, and was otherwise free from fault. It asserts that this testimony should be excluded because "[t]hese expected opinions are not based on personal perceptions, and are as unqualified as they are speculative."

Beane argues that Leedom and Grant's testimony is admissible pursuant to Fed. R. Evid. 602 and 701, as they have first-hand knowledge of what transpired, based on their observations during the accident. She also argues that UTM has unfairly "cherry picked" through Leedom and Grant's deposition testimony to show that they had no knowledge of the speed of the Suburban, when in fact both witnesses testified that they thought the decedent was driving in a safe manner and was probably not speeding.

UTM replies that Beane "ignores the fact that when an individual does not directly observe an object as it moves, he cannot testify as to speed." It notes that without a view of the speedometer or comparative view of the decedent's vehicle as it passed other objects, Grant and Leedom's mere presence in the vehicles is insufficient to provide the requisite personal knowledge on speed under Fed. R. Evid. 701. UTM runs through the two witness' testimony, noting that both acknowledged that they were riding in the backseat, not paying attention to the

---

[2] On February 2, 2011, this court granted UTM's 12(b)(6) motion and dismissed plaintiff's claims for (1) negligence, (2) punitive damages, and (3) wrongful death damages for plaintiff's personal pain and physical suffering. [Doc. 71]. Accordingly, plaintiff's exclusive theory of liability arises out of the Louisiana Products Liability Act ("LPLA").

speed of the vehicle or other vehicles on the road. It notes that "[a]lthough Grant and Leedom could have been paying attention, their testimony is clear – they were not."

As Leedom and Grant will be testifying as lay witnesses, Fed. R. Evid. 701 governs their lay opinion testimony on issues such as speed:

> If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Both parties cite Judge Berrigan's recent decision on a similar evidentiary issue, in which the defendant moved to exclude the opinions, testimony, and reports of any witnesses concerning the speed of a recreational vehicle. *In re Antill Pipeline Const. Co., Inc.*, 2013 WL 231569 (E.D. La., Jan. 22, 2013). In *Antill*, Judge Berrigan noted that:

> Under Federal Rule of Evidence 701, lay witnesses may only provide opinion testimony if it is "rationally based on [their] perception." Fed.R.Evid. 701(a). Lay witnesses who offer an opinion regarding speed must therefore be percipient witnesses, that is, they must themselves observe the object in motion in order to be allowed to offer an opinion as to its speed. *See United States v. Marshall*, 173 F.3d 1312, 1315 (11th Cir.1999) ("Under this rule, the opinion of a lay witness on a matter is admissible only if it is based on first-hand knowledge or observation—for example, a witness' opinion that ... a car he observed was traveling in excess of a certain speed.").

*Id.* at *1. She concluded that because the witness offered to opine on the speed of the recreational vehicle had not been present to perceive the vehicle's speed, the witness's testimony was inadmissible under Fed. R. Evid. 701 because his opinion was not "rationally based on [his] perception." *Id.*

In this instance, UTM argues that since Grant and Leedom admitted they were not paying much attention to how the decedent was driving before the accident, and were not looking at his speedometer, they lack personal knowledge on Beane's speed, and should not be allowed to

testify on that issue. The undersigned finds that UTM has stretched the personal knowledge requirement of Fed. R. Evid. 701 too far in making its argument. These two witnesses were *passengers in Robert Beane's vehicle* and thus are certainly qualified to testify on their impressions of how the decedent was driving, whether it felt like he was speeding, etc. Any weaknesses in their testimony are more appropriately brought out during cross examination, and not instead a blanket prohibition via a Motion in Limine. Accordingly, this motion is DENIED.

Lake Charles, Louisiana, this 6 day of March 2013.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE