UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

RECEIVED
IN LAKE CHARLES, LA.

MAR – 6 2013

TONY R. MOORE, CLERK
BY
DEPUTY

| | | |
|---|---|---|
| MONIQUE BEANE, INDIVIDUALLY AND AS NATURAL TUTOR OF THE MINOR CHILD, J.E.B. | : | DOCKET NO. 2:10 CV 0781 |
| VS. | : | JUDGE MINALDI |
| UTLITY TRAILER MANUFACTURING COMPANY AND TRUCK TRAILER MANUFACTURERS ASSOCIATION | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM ORDER

Before the court is a Motion in Limine to Exclude Plaintiff's Witnesses not Disclosed until February 11, 2013 [Doc. 329], filed by the defendant, Utility Trailer Manufacturing Company ("UTM"). The plaintiff, Monique Beane, timely filed a response [Doc. 348], and UTM filed a reply [Doc. 368]. For the foregoing reasons, UTM's motion is GRANTED IN PART and DENIED IN PART.

## BACKGROUND

In this lawsuit, the plaintiff, Monique Beane, claims damages as a result of a May 5, 2009 tractor-trailer accident in which her husband, Robert Beane ("the decedent"), was killed when his Suburban collided at a ninety degree angle with a UTM trailer on U.S. Highway 1 in Caddo Parish. The petition alleges that Beane's Suburban struck the side of the UTM trailer, causing his Suburban to travel beneath (a collision the plaintiff describes as a "side underride") the trailer.[1] The crux of the plaintiff's claim is that, because the UTM trailer did not have side underride protection (namely, a side underride guard or "SURG"), it was defective and

---

[1] Pl.'s Compl., [Doc. 1-3], at ¶ 3.

unreasonably dangerous under the Louisiana Products Liability Act, La. Rev. Stat. § 9.2800.54, et seq.[2]  UTM now moves to have several categories of evidence excluded from trial.

## LAW & ANALYSIS

UTM moves to exclude a total of twenty-six (26) witnesses[3] who were not disclosed until February 11, via the plaintiff's Eighth Supplemental Disclosure.  It notes that "many of the newly identified witnesses fall into categories which are independently objectionable, as follows: (1) five individuals involved in other side-underride accidents;[4] (2) eight additional family, friends, and clergy;[5] and (3) eight apparent hybrid witnesses.[6]  The undersigned notes that UTM is also objecting to the late introduction of: (4) three employees from the Beauregard Parish Sheriff's Office, where the decedent worked;[7] (5) two witnesses from the scene of the accident;[8]

---

[2] On February 2, 2011, this court granted UTM's 12(b)(6) motion and dismissed plaintiff's claims for (1) negligence, (2) punitive damages, and (3) wrongful death damages for plaintiff's personal pain and physical suffering. [Doc. 71].  Accordingly, plaintiff's exclusive theory of liability arises out of the Louisiana Products Liability Act ("LPLA").

[3] Five of the witnesses mentioned in this motion (Dr. Angela Trego, Douglas Head, Byron Bloch, Dr. Rudy Limpert, and Dr. David Renfro) were addressed in a previous motion filed by UTM [Doc. 305]. Magistrate Judge Kay found that these witnesses could not testify as experts, but could come in for the limited purpose of testifying as fact witnesses. See Minutes for February 21, 2013 Hearing, [Doc. 342].  These five witnesses will provide factual testimony about the design, manufacture/fabrication, testing, and evaluation of the Enz SURG.

[4] These include: Terrence Baker ("available through counsel for plaintiffs"), Robert Snodgrass, Consuela Gonzales, Augustin Maravilla, and Maria Silva (collectively "other accident witnesses").  Pl.'s Eighth Supp. to Initial Disclosure, [Doc. 329-3].

[5] These include: Linda Chapman (family), Chuck Farris and Shonda Farris (friends), Brandi Fontenot (family), Chris Foster (friend), Margaret Mims (friend), Sheila Rheams (mother of Monique Beane), and Vic Warrick(Associate Pastor and friend) (collectively "Family/Friend Witnesses"). Id.

[6] As noted in footnote 3, five of these witnesses (Dr. Angela Trego, Douglas Head, Byron Bloch, Dr. Rudy Limpert, and Dr. David Renfro) were addressed in a previous motion filed by UTM [Doc. 305]. Magistrate Judge Kay found that these witnesses could not testify as experts, but could come in for the limited purpose of testifying as fact witnesses. See [Doc. 342].

The remaining eight witnesses are: Shane Alexander, Scott Anderson, Richard Camden, Mike Dunlop, Doug Galloway, Eric Lindauer, Srirangam Kumaresan, and Jan Stalling. See [Doc. 329-3].

[7] These include: VJ Franks, Mark Herford, and Wesley Slover.  Id.

[8] These include: Mark Powell ("assisted at the scene") and Doug Reynolds ("wrecker driver"). Id.

and, (6) two witnesses generically described as involved in the design, manufacture, testing, evaluation, and use of the Enz SURG.[9]

UTM notes that there are no expert reports for any of these new witnesses under Fed. R. Civ. P. 26(a), and that pursuant to Fed. R. Civ. P. 37, because Beane failed to comply with the disclosure requirements of Rule 26, she should not be allowed to present these witnesses at trial. UTM alleges that it previously propounded interrogatories to Beane, inquiring about potential witnesses to the accident, the decedent's injuries, and the substantive facts of the case. In her responses, allegedly Beane failed to disclose the entirety of her list of witnesses, instead waiting until a month before trial to disclose them.

Beane counters that, in general, she has fulfilled her obligation to timely and periodically supplement her discovery responses pursuant to the dictates of Fed. R. Civ. P. 26(e).[10] Referencing a ruling from Judge Kay, in which she found that Dr. Angela Trego, Douglas Head, Byron Bloch, Dr. Rudy Limpert, and Dr. David Renfro could come in as fact witnesses, but not expert witnesses (because they were not timely designated), Beane argues that this shows that her disclosures in general have been timely.

UTM counters that even though Beane had multiple opportunities to apprise UTM of her large list of new witnesses, she waited to reveal them until the week of the discovery deadline. It notes that an appropriate sanction under Fed. R. Civ. P. 37 would be to exclude these new witnesses for failure to disclose them in a timely manner. Further, it distinguishes Judge Kay's

---

[9] These include: Richard Camden and Eric Lindauer. *Id.*

[10] Beane notes that the same cannot be said for UTM, who did not disclose certain witnesses (James Edward Nelson, Mike Moynahan, Lee Tillman, and corporate representatives from Ryder Truck Lines, Kroger Company, Midwest Utility, Inc., and McKenzie Tank Lines) until as late as January 29, 2013. Nelson was the subject of a prior *Daubert* motion by Beane [Doc. 253], which the undersigned denied [Doc. 358]. Beane also filed a Motion for Protective Order and Motion to Quash Notice/Subpoena of Mackenzie Tank Lines [Doc. 277], which was denied by Magistrate Judge Kay [Doc. 283]. Beane has also filed a Motion to Exclude/Limit the Testimony of Moynahan [Doc. 364].

ruling on five of the thirty-one witnesses (Trego, et al), noting that her ruling was "not a blanket order as to the other 26 witnesses untimely identified by plaintiff, many to whom UTM has objected on other grounds."

## I.   Witnesses from Other Side Underride Cases

UTM first specifically attacks the tardy designation of five witnesses who were involved and testified in other side underride accidents: Terrence Baker, Robert Snodgrass, Consuela Gonzalez, Augustin Maravilla, and Maria Silva.  It argues that their testimony on their own unrelated side underride accidents lacks probative value in this case, and can only serve to confuse the jury and prejudice UTM, and that Beane has not provided any information about the other accidents in these other cases, in order to determine whether these other accidents were similar to the accident at hand here.

Beane counters that it is within the court's discretion to admit these witness' testimony. She argues that evidence of other similar incidents (such as those provided in the other side underride cases) should come in because they are similar to this case, because all of the cases involve a side underride and a 53' dry freight trailer.

UTM replies that Beane has failed to establish the probative value of the witnesses from unrelated other side underride accidents.  It notes that not only were these witnesses untimely designated, but also their designations were insufficient for this court or UTM to meaningfully evaluate the admissibility of the evidence.

The Fifth Circuit, *Johnson v. Ford Motor Co.*, 988 F.2d 573 (5th Cir. 1993), addressed an issue very similar to the one in this case.  In *Johnson*, the plaintiff brought an action against Ford Motor Company, asserting that the Ford Escort his daughter was driving during a fatal automobile accident was defective and unreasonably dangerous, and that this led to her death.

*Id.* at 576.  At the trial court level, the district court granted Ford's motion in limine to exclude

evidence of five other lawsuits against Ford and claims made by four other customers.  The Fifth

Circuit upheld the district court's decision to exclude this evidence, holding:

> When evidence of other accidents or occurrences is offered for any purpose other than to show notice, the proponent of that evidence must show that the facts and circumstances of the other accidents or occurrences are "closely similar" to the facts and circumstances at issue. *See McGonigal v. Gearhart Industries, Inc.,*851 F.2d 774, 778 (5th Cir.1988); *Jackson v. Firestone Tire & Rubber Co.,* 788 F.2d 1070, 1082-83 (5th Cir.1986). Moreover, even when a substantial similarity of circumstances is established, the district court has broad discretion to exclude such evidence under Rule 403 of the Federal Rules of Evidence. *See* FED.R.EVID. 403.

*Id.* at 579.

The undersigned remains unpersuaded that, simply because these other accidents

involved "side underride beneath a 53' trailer," this means that they are "closely similar" as per

the dictates of Fifth Circuit caselaw.  Beane perhaps could have aided her argument by providing

more details on these other unrelated side unederride cases, but she did not.  Absent any clear

evidence showing that the accidents are "closely similar," the probative value of this evidence

would be substantially outweighed by the danger of unfair prejudice, confusion, and undue

delay. *See Peters v. Nissan Forklift Corp.*, 2008 WL 2625522 (E.D. La., Feb. 1, 2008)

(excluding evidence of other accidents through Fed. R. Evid. 403). Accordingly, the undersigned

finds that this portion of the motion must be GRANTED.

## II.    Family, Friends, and Clergy

UTM next attacks the tardy designation of eight new fact witnesses, including: Linda

Chapman (family), Chuck & Shonda Farris (friends), Brandi Fontenot (family), Chris Foster

(friend), Margaret Mims (friend), Sheila Rheams (mother of Monique Beane), and Vic Warrick

(Associate Pastor and friend).  It alleges that allowing these witnesses to testify on the effect of

the decedent's death on Monique Beane and their minor child, J.E.B., would be unduly cumulative under Fed. R. Evid. 403, as Beane, the decedent's mother, and J.E.B. are more than equipped to testify on this issue themselves.

Beane counters that the newly disclosed family and friend witnesses were timely disclosed, and that UTM is improperly arguing that Beane is only entitled to three fact witnesses on damages (the decedent's mother, Beane, and Beane's minor daughter). She also argues that UTM is improperly attempting to use the "narrow" scope of Fed. R. Evid. 403 to keep out these additional witnesses.

UTM replies that Beane has failed to establish the probative value of cumulative testimony from additional family, friends, and clergy on the effect of the decedent's death upon Beane and her minor child. It notes that, pursuant to Louisiana Civil Code Article 2315.2, only a surviving spouse and child or children of the deceased may bring a wrongful death claim: thus, it follows that only Beane and her daughter should be allowed to testify on damages as they relate to the grief of the claimants.

The parties both cite to the Fifth Circuit case *United States v. Gray*, 507 F.2d 1013 (5th Cir. 1975) in support of their arguments. In *Gray*, the trial court restricted the defendant's number of character witnesses to three, finding that "[i]t has been the unvarying rule of this Court long before my time and upheld by the Fifth Circuit Court of Appeals that character witnesses are limited to three." *Id.* at 1015. On appeal, the Fifth Circuit upheld this ruling, and cited to a leading treatise on evidence that "the limitation of the number of witnesses applies not only to reputation or character but may be enforced 'upon any point whatever.'" *Id.* at 1016 (citing 6 Wigmore on Evidence, 3d ed. 1908(3), p. 581).

The undersigned agrees with UTM on this argument.  While the death of Robert Beane is certainly a tragedy touching the lives of many people, this does not mean that it is appropriate to allow eight additional witnesses to testify on the exact same topic already being covered by the decedent's mother, Beane, and the minor child J.E.B.  It is within the court's discretion to limit probative (albeit cumulative) evidence under Fed. R. Evid. 403.  Accordingly, this portion of the motion is GRANTED.

## III.    Hybrid Witnesses

Third, UTM argues that Beane has tardily designated a category of "[p]ersons involv[ed] in the design, manufacture, fabrication, testing, evaluation and use of the GEN series SURGs . . . . Shane Alexandar, Scott Anderson, Richard Camden, Mike Dunlop, Doug Galloway, Eric Lindauer, Srirangam Kumaresan, and Jan Stalling. These persons apparently engaged in testing critical to plaintiff's alternative design theory and are not new witnesses to plaintiff."  UTM argues that Beane has failed to meet the disclosure requirements for these "hybrid" witnesses under Fed. R. Civ. P. 26(a)(2)(C),[11] and that Beane has untimely designated them less than ninety days before trial as per the dictates of Fed. R. Civ. P. 26(a)(2)(D).[12]

Beane counters that the witnesses should be allowed to come in as fact witnesses because their opinions are those "rationally based on their perception" under Fed. R. Evid. 602, and their

---

[11] Rule 26(a)(2)(C) provides:

> Witnesses Who Do Not Provide a Written Report. Unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state:
>
> (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and
>
> (ii) a summary of the facts and opinions to which the witness is expected to testify.

[12] Rule 26(a)(2)(D) provides: "A party must make these disclosures at the times and in the sequence that the court orders.  Absent a stipulation or a court order, the disclosures must be made . . . at least 90 days before the date set for trial or for the case to be  ready for trial . . ."

testimony is helpful as required by Fed. R. Evid. 701.  She asserts that "[e]ach witness complained of herein is a fact witness who has participated in and had 'hands on experience' with SURG's from the standpoint of designing, manufacturing, testing and/or using SURG's." She concludes that "UTM's argument related to disclosure of experts and references to FRE 702, 703, and/or 705 is misplaced and unfounded as all are lay witnesses."

UTM replies that there is no evidence from which the court can determine whether these are individuals who fall under the disclosure requirements of Fed. R. Civ. P. 26(a)(2)(B) or (a)(2)(C), and that the late and incomplete disclosure of these witnesses "precludes any assessment whatsoever of their knowledge, testimony, and foundation."  Citing to a previous ruling from this court on a different Motion in Limine [Doc. 355], UTM notes that it is "unclear whether these witnesses are 'precipient witness[es] who happen[] to be experts,' or are 'expert[s] without prior knowledge of the facts giving rise to the litigation [who are] recruited to provide expert testimony.'"

The undersigned notes that Magistrate Judge Kay addressed a similar issue in a recent hearing on a different Motion in Limine [Doc. 305], in which UTM moved to exclude the opinion testimony of Angela Trego, Douglas Head, Byron Bloch, Rudy Limpert, and David Renfro, who were also disclosed for the first time on February 11, 2013.  Judge Kay found that because Beane had not timely disclosed these experts or else asked for leave of court to disclose them after the deadline, Beane would not be allowed to use them as expert witnesses at trial.  She also found that it would be unduly prejudicial to UTM if these witnesses were accepted as expert witnesses, because it would mean that UTM would need to depose them, thus delaying trial. Nevertheless, she allowed these five witnesses to come in as "fact only" witnesses who could testify about their personal experiences designing, manufacturing, and evaluating the Enz SURG.

The undersigned will apply the same reasoning here.  These eight witnesses certainly were not timely disclosed as expert witnesses, and thus they will be precluded from offering any expert testimony at trial.  Nevertheless, Beane may offer them for the limited purpose of providing fact testimony on the Enz SURG.  The undersigned admonishes Beane again, however *that cumulative evidence on any topic, including this one, will not be allowed.*  Accordingly, this portion of the motion is GRANTED IN PART and DENIED IN PART.

## IV.     Remainder of Witnesses: Three BPSO Witnesses, Two "Scene of the Accident" Witnesses, and Two Witnesses Generically Described as Involved in the Design, Manufacture, Testing, Evaluation, and Use of the Enz SURG

The parties do not specifically brief the issue of why these additional witnesses should be precluded or not precluded from trial.  Absent further information, the undersigned will DENY UTM's motion with respect to these seven witnesses, with the warning from Beane that because of their late designation, they may only testify as fact witnesses at trial.

Lake Charles, Louisiana, this __6__ day of __March__ 2013.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE